**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**THE BARRACK CHILDREN'S**
**IRREVOCABLE TRUST, ET AL**                    **CIVIL ACTION**

**VERSUS**                                       **NO. 12-00784**

**KENNETH C. PAILET, ET AL**                     **SECTION: "B"(2)**

## ORDER AND REASONS

Before the Court is Defendants' Kenneth C. Pailet ("Pailet") and Pailet, Meunier and LeBlanc, L.L.P. ("PML"), collectively ("Defendants")[1] Rule 12(b)(6) Motion to Dismiss. (Rec. Doc. No. 11). In opposition, The Barrack Trust, Dr. and Mrs. Robert L. Barrack, Cathey N. Grossman, and Jonathan A. Barrack, collectively ("Plaintiffs"), filed response thereto. (Rec. Doc. No. 13). For the reasons stated below,

**IT IS ORDERED** that the Defendants' Motion to Dismiss is **GRANTED WITHOUT PREJUDICE**, allowing parties to proceed before the accounting review panel.

## Procedural History

Plaintiffs filed the instant action on March 23, 2012 alleging professional negligence, breach of fiduciary duty, malpractice, breach of contract against Defendants in their capacity as tax preparers. (Rec. Doc. No. 1 at 5).

On June 4, 2012, Plaintiffs filed its First Amended Complaint in response to Defendants' Motion to Dismiss, adding

---

[1] CAMICO Insurance Company is also a Defendant in the instant action but is not join this instant motion. (Rec. Doc. No. 12 at 3).

Grossman and Jonathan A. Barrack as plaintiffs to the suit.[2] (Rec. Doc. No. 12 at 1). Plaintiffs alleged that the two additional plaintiffs are Trustees to the Toby Barrack Trust and Adam Barrack Trust. (Rec. Doc. No. 12 at 2). Additionally, Grossman and Jonathan Barrack are alleged to be co-trustees of the original Barracks Trust. (Rec. Doc. No. 12 at 2).

## Law and Analysis

**A. Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a complaint to be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A motion to dismiss under 12(b)(6) attacks the legal sufficiency of the complaint. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Additionally, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007). A plaintiff has an "obligation to provide the 'grounds' for his 'entitlement to relief,' [and that] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* In order for a complaint to survive a motion to dismiss, it

---
[2] In the First Amended Complaint, Plaintiffs also specifically identified CAMICO as Defendants' insurer. (Rec. Doc. No. 12 at 3).

2

must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). For a court to determine the plausibility of a claim, a court is required to draw on its common sense and experience in a context specific manner. *Iqbal*, 556 U.S. at 678.

**B. Louisiana Law Requires Plaintiffs to Present the Claims Against a CPA, Accounting Firm, or its Insurer to an Accountant Review Panel Prior to Commencing Litigation**

Applicable Louisiana law requires that any action against a certified pubic accountant, the firm, or the insurer, may not be filed in any court prior to presenting the claims to an accountant review panel. LA. REV. STAT. ANN. § 37:105.[3] If an action is determined to be premature, then that action must be dismissed under the Louisiana Code of Civil Procedure. LA. CODE CIV. PROC. ANN. art. 933 (2012); *see Solow v. Heard, McElroy & Vestal, L.L.P.*, 937 So. 2d 875, 878 (La. Ct. App. 4 Cir. 2005).

Dismissal without prejudice of premature claims is well-established under Louisiana law. In *Solow*, the Louisiana Fourth Circuit Court of Appeal dismissed the plaintiffs' claim because the plaintiffs did not follow the appropriate procedure for presenting a claim against an accounting firm. *Solow*, 937 So. 2d

---

[3] Section 37:105 states: "[n]o action against a certified public accountant or firm or his insurer may be commenced in any court before the claimant's request for review has been presented to a public accountant review panel . . . and the panel has issued a written opinion." LA. REV. STAT. ANN. § 37:105(A).

3

at 876. The court found that the plaintiffs did not obtain an agreement to waive the requirement of presentment to the accountant review panel, thereby violating the statute and requiring dismissal. *Id.* at 878 ("When an exception of prematurity is sustained . . . the court is required to dismiss the action.")

In *Desselles v. Brumfield*, the Louisiana Fourth Circuit Court of Appeal found that a suit for medical malpractice was premature because the plaintiffs failed to present claims of medical malpractice to a medical review panel, as required by statute.[4] *Desselles v. Brumfield*, 386 So. 2d 191, 193 (La. Ct. App. 4 Cir. 1980), *overruled on other grounds, Barracliff v. E. Jefferson Gen. Hosp.*, 573 So. 2d 1200, 1203 (La. Ct. App. 4 Cir. 1991).

Federal courts in Louisiana have applied the same rule that Louisiana state courts have applied. In *Williams v. Webre*, this Court upheld the dismissal of premature medical malpractice claims because the complaint was filed prior to presentation of the claims to the medical panel. *Williams v. Webre*, No. 02-0599, U.S. Dist. LEXIS 12892, at *2 (E.D. La. July 9, 2002). The court found that the plaintiff's failure to comply with the statute required dismissal of the case. *Id.*

---

[4] The relevant statute provides, "[n]o action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section." LA. REV. STAT. ANN. § 40:1299.47(B).

4

In the present case, viewing the facts in a light most favorable to Plaintiffs, the claims against Defendants must be dismissed as premature because Plaintiffs failed to follow the appropriate statutory procedures. *See* LA. REV. STAT. ANN. § 37:105. Plaintiffs have not presented the claims to the accountant review panel and Louisiana law requires dismissal of said claims. LA. CODE CIV. PROC. art 933; *Williams*, U.S. Dist. LEXIS 12892, at *4; *Solow*, 937 So. 2d at 876; *Desselles*, 386 So. 2d at 192.

Although Plaintiffs concede that the claims have not been presented to an accountant review panel, Plaintiffs nevertheless seek to stay the proceedings, allowing them time to present the claims to the panel.[5] (Rec. Doc. No. 13 at 4-5). Plaintiffs cite several cases decided by this Court that *seem* to support their position. (Rec. Doc. No. 13 at 4-5). However, decisions to grant a stay generally occurred when there was a panel or other ongoing administrative proceeding. *Cargill v. Ferrous Int'l v. M/V Qiang*, No. 07-1330, 2009 WL 911087, at *5-6 (E.D. La. Mar. 31, 2009) (granting a stay in proceedings because a portion of the dispute was in arbitration); *Sousa v. Prosser*, No. 03-2942, 2004 WL 1497764, at *4 (E.D. La. Jul. 1, 2004) (granting a stay in proceedings because the claim was pending before the medical

---

[5] Plaintiffs reassert identical arguments in their Motion to Stay. (Rec. Doc. No. 14). Because this Court is granting the Motion to Dismiss without prejudice, Plaintiffs' Motion to Stay is moot.

5

review panel with respect to two indispensable defendants); *Cooper v. Sofamor*, No. 92-3111, 1993 WL 17634, at *2 (E.D. La. Jan. 15, 1993) (granting a stay in the proceedings pending the outcome of the medical review panel); *Maquar v. Synthes, Ltd.*, No. 92-0577, 1992 WL 111199, at *2 (E.D. La. May 14, 1992) (granting a stay in proceedings because the medical malpractice claim was pending before the medical review panel). Because Plaintiffs have not presented the claims to the accountant review panel, Plaintiffs have not shown cause for staying the instant proceeding.

New Orleans, Louisiana, this 27th day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE